## In re SLEEPMASTER FINANCE CORPORATION, et al., Debtors.

### No. 01–11341 (MFW).

United States Bankruptcy Court, D. Delaware.

Oct. 23, 2002.

---

Laura Davis Jones, Scotta E. McFarland, Pachulski, Stang, Ziehl, Young & Jones, Wilmington, DE, for debtors.

Francis A. Monaco, Jr., Walsh, Monzack & Monaco, P.A., Wilmington, DE, for Official Committee of Unsecured Creditors.

Mark D. Collins, Richards, Layton & Finger, P.A., Wilmington, DE, for Lenders.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

This matter is before the Court on the Motion of the Debtors to Vacate Order Authorizing the Debtors to Reject Certain Unexpired Leases and Executory Contracts Pursuant to 11 U.S.C. § 365. For the reasons set forth below we grant the Motion.

## I. FACTUAL BACKGROUND

This case was commenced by the filing of voluntary petitions under chapter 11 of the Bankruptcy Code on October 16, 2001, by Sleepmaster Finance Corporation, Sleepmaster LLC, Sleepmaster Holdings, LLC, Adam Wuest Corporation, Lower Road Associates, LLC, Crescent Sleep Products Company, Simon Mattress Manufacturing Co., Palm Beach Bedding Company, Herr Manufacturing Company, and Sleep Investor, LLC (collectively "the Debtors"). The Debtors continue in possession of their properties and are operating as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

On August 8, 2002, the Debtors filed a Motion for Order Authorizing the Debtors to Reject Certain Unexpired Leases and Executory Contracts Pursuant to 11 U.S.C. § 365 ("the Rejection Motion"). No objections or responses were filed to that Motion and on August 23, 2002, the Debtors filed a Certificate of No Objection to the Rejection Motion and delivered a copy of the Certificate and original Motion

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

to Chambers for the Court's consideration, in accordance with local procedure.

However, on that same day, the Debtors discovered that the exhibit to the original Motion contained several executory contracts which the Debtors did not, in fact, want to reject. As a result, the Debtors' counsel contacted the Clerk's Office and Chambers in an effort to prevent the entry of the Order. As a result of that communication, the Clerk's Office changed the docket entry for the Certificate of No Objection to indicate that it had been "Entered in Error." However, an Order was entered on August 27, 2002, granting the Rejection Motion as a result of the delivery of the Certificate of No Objection to Chambers. On September 6, 2002, the Debtors filed the instant Motion to Vacate that Order. Notice was given to all parties to the original Motion and no one objected to the relief requested in that Motion.

## II. *JURISDICTION*

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O).

## III. *DISCUSSION*

Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporates Rule 60 of the Federal Rules of Civil Procedure which provides:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. . . .

■ It is clear that the Order may be vacated under Rule 60(a)(1) since it was entered by mistake or inadvertence because it was not the intent of the Debtors to reject certain contracts contained on the Exhibit to the Rejection Motion. Since no one has objected to the Motion to Vacate apparently no one will be prejudiced by granting it. Therefore, we will grant the Motion to Vacate.

■ However, the Court finds it necessary to comment on the procedure used by counsel for the Debtors in trying to correct

its mistake in this case. Counsel contacted the Clerk's Office to try and remedy the Debtors' error. This was inappropriate. The Clerk's Office is not to take directions from counsel.[2]

■ Further the directions given by counsel in this case were wrong. The Clerk's Office should not have marked the docket entry for that pleading as "Entered in Error." The pleading was not entered on the docket in error; it was properly docketed in this case because it was a pleading filed in this case. A designation of "Entered in Error" is proper only where the pleading was erroneously entered on the docket in the wrong case (because, for example, the case number was erroneous or it was docketed in the main case when it should have been docketed in the adversary) or where the document actually filed is not what the docket reflects, in which case a corrective entry should be noted on the docket.

■ In this case, however, once the Certificate of No Objection was filed of record by counsel, it could not properly be removed from the file or the docket. The only proper procedure to avoid the effect of that filing was for counsel for the Debtors to file a Motion or Notice withdrawing that pleading.

■ Finally, it was not proper for counsel to contact Chambers and request that the Order not be entered. Such a communication is clearly an impermissible *ex parte* contact and was properly ignored by Chamber's staff. If counsel wants the Court to take any action, or to refrain from taking any action, it must file a pleading on notice to all interested parties.

The proper procedure would have been for counsel to withdraw its Certificate of No Objection and to file an Amended Motion to reject those leases and executory contracts it does wish to reject.

## IV. CONCLUSION

For the reasons set forth above, we grant the Motion of the Debtors to Vacate the Order entered on August 27, 2002.

An appropriate Order is attached.

### ORDER

AND NOW, this **23RD** day of **OCTOBER, 2002**, upon consideration of the Motion of the Debtors for an Order Vacating Order Authorizing the Debtor to Reject Certain Unexpired Leases and Executory Contracts Pursuant to 11 U.S.C. § 365, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that our Order dated August 27, 2002, granting the Debtors' Motion for Order Authorizing the Debtors to Reject Certain Unexpired Leases and Executory Contracts Pursuant to 11 U.S.C. § 365 entered at Docket Number 592 is hereby **VACATED**.

---

**2.** While it is appropriate for counsel to advise the Clerk's Office if any mistakes are noticed on a docket, it is not appropriate for counsel to tell the Clerk's Office how and whether to correct a docket entry.